PEARSON, TILLMAN, Chief Judge.
The petitioner, Julio Dejoris, trading as the Cabaret Club, presented to this Court a petition for writ of certiorari to review an order revoking his alcoholic beverage license after a hearing before the Director, State Beverage Department.[1] The grounds relied upon urge (1) that by denying petitioner’s motion to postpone the hearing, the Director failed to give the petitioner a reasonable opportunity to be heard, and (2) the absence of competent, substantial evidence to support the finding.
The record reveals that (1) the petitioner had adequate notice of the charges against him and of the time set for the hearing; (2) he was represented by competent counsel and (3) after hearing, petitioner was granted additional time to permit the filing of depositions of former employees residing out of town. The petitioner did file certain affidavits which were considered by the Director. Examining the progress of the cause as outlined above, we find no departure from the essential requirements of law in the refusal of the postponement sought by petitioner.
 The evidence was not only competent and substantial but overwhelming. There is no doubt but that the Director properly revoked petitioner’s license. However, even though charges 17 and 18 were stricken at the hearing, the Director found petitioner guilty on all charges. It appears that these charges were abandoned by the prosecution because they were little more than restatements of other charges in another form to meet the exigencies of proof. Under this record we do not think the error calls for a quashal of the entire order of revocation, but only the findings on charges 17 and 18.
*564 For the reasons above expressed, the petition for writ of certiorari is granted and the order of the State Beverage Department is affirmed in part and quashed in part.
It is so ordered.

. § 561.29 Fla.Stat., F.S.A.